UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LIDIA GUADALUPE DELGADO ESPINOSA, | § § § | |
| Petitioner, | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00738 |
| | § | |
| ORLANDO PEREZ, *ET AL.*, | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 11). Petitioner challenges her continued detention in federal immigration custody. After considering the petition, its attachments, and applicable law, the Court concludes that Respondents' motion should be granted and the petition dismissed.

A "court shall grant summary judgment if the movant shows that there is no genuine dispute of any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must consider the record as a whole to determine whether a genuine dispute exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). However, the Court must view the facts in the light most favorable to the non-moving party. *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019). Pro se litigants' pleadings are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Petitioner is a citizen of Mexico. (Dkt. No. 1 at 3).[1] She entered the United States without inspection at eleven years old in 1999. (*Id.* at 4). She was returned to Mexico in 2021 and re-entered without inspection in 2022. (Dkt. No. 11 at 3; Dkt. No. 11-3 at 3). She completed her education in Texas public schools. (Dkt. No. 1 at 3). She is the mother of five U.S. citizen children. (*Id.* at 5). Her petition represents that she "has no criminal

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

history whatsoever. She has never been arrested, charged, or convicted of any crime." (*Id.*).

On January 30, 2026, Petitioner was detained by immigration officials. (Dkt. No. 11 at 2). On February 27, 2026, Petitioner was ordered removed. (Dkt. No. 1 at 5). On March 25, 2026, Petitioner filed an appeal to the Board of Immigration Appeals (BIA), and that appeal remains pending. (*Id.*); *see also Automated Case Information*, Exec. Off. Immigr. Rev., https://acis.eoir.justice.gov/en/caseinformation (last visited June 30, 2026). As such, her removal order is not final.

On April 23, 2026, Petitioner filed the instant petition for a writ of habeas corpus, asserting several arguments for her release. First, Petitioner asserts that she has a cognizable liberty interest protected by the due process clause. Second, she asserts that prolonged detention without a hearing violates procedural due process. Third, she argues that the Government has no legitimate interest in her continued detention. Fourth, she asserts that she should be released under 8 U.S.C. § 1226(a). Fifth, she asserts that she is eligible for immigration relief. Finally, she argues that her twenty-seven years of presence reinforces her constitutional claims. She requests immediate release or a bond hearing.

Respondents move for summary judgment and provide additional facts. Respondents' evidence is largely consistent with the petition; however, Respondents submit evidence that Petitioner has criminal history. Respondents' attached Record of Deportable/Inadmissible Alien (I-213) states that Petitioner was arrested by the Mercedes Police Department on November 21, 2025. (Dkt. No. 11-3 at 3). The charge is reflected as "Theft of Property." (*Id.*). Respondents also attached Petitioner's booking sheet from the Hidalgo County Sheriff's Office, dated November 22, 2025. (Dkt. No. 11-7). The document corroborates that Petitioner was arrested on November 21, 2025, for a theft charge ranging from $100 to $750. (*Id.*). The evidence contradicts Petitioner's allegation that she has no criminal history, and the Court will rely on the evidence presented by Respondents.

Petitioner's theft arrest is fatal to her petition under the Laken Riley Act. Respondents move for summary judgment, asserting that two statutory authorities require Petitioner's detention. First, Respondents argue that Petitioner is subject to

2 / 4

mandatory detention under 8 U.S.C. § 1225(b)(2) as an applicant for admission. Second, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) and the Laken Riley Act for her theft arrest and subsequent charge. The Court finds that Petitioner is subject to mandatory detention under Section 1226(c).[2]

The Court begins with the controlling statutory authority for Petitioner's detention, 8 U.S.C. § 1226. Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. Section 1226(c) requires the detention of certain "criminal aliens." § 1226(c). Congress recently amended Section 1226(c) when it enacted the Laken Riley Act, codified in Subsection 1226(c)(1)(E). Laken Riley Act, Pub. L. No. 119-1, sec. 236, § 2, 139 Stat. 3, 3 (2025). This Section states that DHS "shall take into custody" any inadmissible alien who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." § 1226(c)(1)(E).[3]

Here, this statute requires Petitioner's detention because she is inadmissible and was arrested for a theft offense in Texas. First Petitioner is inadmissible. She is inadmissible under Immigration and Nationality Act Sections 212(a)(6)(A)(i) and (a)(7)(A)(i)(I) for being present without admission and not possessing a valid immigration entry document. Second, Petitioner was arrested for and charged with theft of property. Under Texas law, theft offenses are found in Section 31.03 of the Texas Penal Code. Petitioner's charge, as reflected on the jail booking sheet and I-213, corresponds to an arrest for a violation of Section 31.03(a), which is a theft offense. Tex. Penal Code § 31.03(a), (e)(2)(A) (making theft of property between $100 to $750 a class B misdemeanor). Because Petitioner is inadmissible and was arrested for and charged with theft of property under Texas law, Section 1226(c) requires her detention.

---

[2] The Court will not address Respondents' arguments as to Section 1225 because the Court finds that Section 1226 requires her detention.

[3] The statute further explains that the definitions of these crimes come from the jurisdictions where they arise: "For purposes of paragraph (1)(E), the terms 'burglary', 'theft', 'larceny', 'shoplifting', 'assault of a law enforcement officer', and 'serious bodily injury' have the meanings given such terms in the jurisdiction in which the acts occurred." § 1226(c)(2).

The Court agrees with Respondents that there is no genuine dispute of material fact as to the justification for Petitioner's mandatory detention under Section 1226(c), and Respondents are entitled to judgment as a matter of law.

Finally, the Court recognizes that Petitioner's family is undergoing significant hardship in her absence. However, her claims for relief are not tenable under the Laken Riley Act and the facts of her case. The Court further notes that Petitioner filed her petition pro se, but she received pro se assistance. (Dkt. No. 1 at 13). The Court is concerned that, if Petitioner paid for this legal assistance, she may have paid for legal assistance from non-licensed legal practitioners who were not capable or competent in assisting her in this case. Notably, Petitioner's filings do not address her arrest or the Laken Riley Act, though they are styled as formal legal briefing, likely generated by artificial intelligence. (*See* Dkt. Nos. 4, 12, 13, 14). While this type of filing may be understandable in the context of a pro se litigant trying to free themselves from detention with the limited resources they have, this type of filing may be criminal conduct if it is the product of the unauthorized practice of law. *See* Tex. Penal Code §§ 38.122, 38.123.

For the reasons stated above, Respondents' Motion for Summary Judgment, (Dkt. No. 11), is **GRANTED**. Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), is **DENIED.** All other relief requested by Petitioner is **DENIED**.

The Clerk of Court is **DIRECTED** to mail this Order to Petitioner via regular mail and any receipted means to her address on file with the Court.

The Clerk is further directed to send a copy of the order by electronic mail to: nayensitorres@gmail.com and lourdesalemanlima@gmail.com.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on July 1, 2026.

John A. Kazen
United States District Judge